UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL D. FULTON, # 688276,

              Petitioner,              Case Number: 16-13987
                                                      Honorable Linda V. Parker

v.

JODI DEANGELO,[1]

              Respondent.
_____/

## OPINION AND ORDER

Darrell D. Fulton ("Petitioner") is presently in the custody of the Michigan Department of Corrections pursuant to convictions for two counts of possession with intent to deliver less than 50 grams of heroin and delivery of less than 50 grams of heroin. Petitioner is seeking habeas relief pursuant to 28 U.S.C. § 2254. He raises two grounds in support of his request for relief: his sentence was based on misinformation of constitutional magnitude and the trial court abused its discretion by relying on inaccurate information and sentencing above the

---

[1] Since the filing of his petition, Petitioner has been transferred to the Woodland Center Correctional Facility in Whitmore Lake, Michigan. The proper respondent for a habeas petition filed pursuant to 28 U.S.C. § 2254 is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. Jodi DeAngelo is the warden of the Woodland Center. The Court orders the case caption amended to substitute Jodi DeAngelo as the respondent.

guidelines score. The Court finds that Petitioner's claims do not satisfy the strict standards for habeas corpus relief. It therefore is denying the petition.

**I.	Background**

Petitioner was charged in two separate cases in the Circuit Court for Oakland County, Michigan (case nos. 11-39490 and 12-24095) with delivery of less than 50 grams of heroin and two counts of possession with intent to deliver less than 50 grams of heroin. On May 8, 2012, he pleaded guilty to all three charges and to being a fourth habitual offender. The trial court sentenced him, on July 10, 2012, to ten to fifty years' imprisonment for each of the convictions, to be served concurrently.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals claiming that the trial court abused its discretion in not striking objected-to information from the presentence report, and that the trial court failed to articulate substantial and compelling reasons for the upward departure from the sentencing guidelines. The Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented." *People v. Fulton*, No. 312122 (Mich. Ct. App. March 22, 2013). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court remanded the case to the Oakland County Circuit Court to determine "whether the presentence report contains

information that is inaccurate, relating to the defendant's prior criminal history."
*People v. Fulton,* 839 N.W.2d 491 (Mich. 2013).

On remand, the trial court held that Petitioner's presentence information report contained no inaccuracies. (*See* 8/26/14 Oakland Cty. Cir. Ct. Order, ECF No. 8-8 at Pg. ID 833-34.) Upon Petitioner's motion for reconsideration, the trial court found a discrepancy between the presentence reports in Petitioner's two cases and ordered a probation agent to review Petitioner's entire juvenile and adult criminal record. (*See* 9/18/14 Oakland Cty. Cir. Ct. Order, ECF No. 8-8 at Pg. ID 835-36.) Following the review, the trial court found that Petitioner had three fewer felony convictions than reported and ordered the presentence reports amended. (*See* 12/1/14 Oakland. Cty. Cir. Ct. Order, ECF No. 8-8 at Pg. ID 222-23.) Nevertheless, the court held that correction of these errors did not impact the sentence imposed because, even without these convictions, Petitioner had thirteen prior felony convictions at the time he committed the offenses for which he was being sentenced. (*Id.*)

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals claiming that the trial court failed to follow the Michigan Supreme Court's remand order, mischaracterized Petitioner's motion, failed to apply the correct statutory guidelines range, and did not have a substantial and compelling reason for an upward departure. The Michigan Court of Appeals denied leave to

appeal. *People v. Fulton,* No. 325830 (Mich. Ct. App. July 31, 2015), lv. denied 875 N.W.2d 218 (Mich. 2016).

Petitioner then filed the pending petition for a writ of habeas. He asserts the following grounds for relief:

> I. In relying on misinformation of a constitutional magnitude, the Michigan Courts have deprived the petitioner of his due process rights guaranteed under the U.S. Constitution and have acted in contravention of clearly established United States Supreme Court precedent.
>
> II. In relying on inaccurate information at sentencing, the decision of the trial court was wholly devoid of discretion, was an arbitrary and/or capricious abuse of discretion, and errors of law resulted in an improper exercise of discretion; the petitioner should have been sentenced within his guidelines score of 10 to 46 months, or the two years recommended by the probation department.

**II.  Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the

5

state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. Discussion

Petitioner raises two sentencing-related claims in his petition. First, he argues that the trial court violated his rights under the Due Process Clause by relying upon misinformation of a constitutional magnitude in determining his sentence. Second, he asserts that the trial court abused its discretion in sentencing him above the sentencing guidelines score.

### A. Due Process Claim

A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980),

6

or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). To demonstrate that the use of inaccurate information violated due process, a petitioner must show (1) that the information was "materially false" and (2) that the trial judge relied upon it. *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005).

Petitioner maintains that the trial court relied on inaccurate information contained in the presentence investigation reports (PSIRs) when determining his sentence. Specifically, Petitioner contends that the juvenile and adult criminal histories contained incorrect information. Separate PSIRs were prepared in each of the two cases for which Petitioner was sentenced in state court. Petitioner argues that the PSIRs overstate his criminal history. To determine whether Petitioner was sentenced based on materially false information, the Court reviews the sentencing hearing, Petitioner's subsequent appeal, the remand order, and the trial court's decisions on remand.

First, during the sentencing hearing, the prosecution argued:

> The defendant stands before you having a criminal history that spans over 25 years. He has 46 criminal contacts, 27 of them as a juvenile, 19 as an adult. He has been on probation … he's been in jail, he's been to prison. He continues to engage in the same behavior.

(7/10/2012 Tr. at 11, ECF No. 8-4 at Pg. ID 341.) Defense counsel argued that Petitioner's criminal offense history was not as severe or extensive as it initially

7

appeared. Defense counsel noted that several offenses which listed jail terms were in fact suspended sentences, and that several other offenses listed separately were sentences served concurrently. (*Id.* at 3-4, Pg. ID 333-34.) Defense counsel argued that, viewed this way, Petitioner's criminal history was not as "alarming" as the prosecutor indicated. (*Id.* at 8, Pg. ID 338.)

Petitioner's sentencing guidelines range was 10 to 46 months. The trial court held that this range "did not adequately take into account [his] extensive criminal history, his multiple probationary terms, his multiple jail sentences, and the totality of [Petitioner's] conduct while awaiting sentence of this Court while he was out on bond."[2] (*Id.* at 19, Pg. ID 349.) The trial court concluded that Petitioner's prior sentences failed to deter his criminal behavior. For these reasons, the court sentenced Petitioner to ten to fifty years' imprisonment. (*Id.*)

On direct appeal to the Michigan Court of Appeals, Petitioner argued—as relevant to his current petition—that the trial court abused its discretion in failing to strike objected-to information from the PSIRs. Petitioner requested a remand to the trial court for correction of the reports and transmittal of the corrected reports

---

[2] The trial court's reference to Petitioner's conduct while released on bond awaiting sentencing concerned a drug transaction witnessed by a police officer. According to a police report cited by the trial court, a police officer, acting on a tip from a confidential informant, observed Petitioner sell heroin to another individual. (*See* 7/10/2012 Tr. at 14-16, ECF No. 8-4, Pg. ID 344-46.)

8

to the Michigan Department of Corrections. The Michigan Court of Appeals denied leave to appeal. *People v. Fulton*, No. 312122 (Mich. Ct. App. March 22, 2013). Petitioner raised the same claim on appeal to the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court remanded the case

> to the Oakland Circuit Court for a determination whether the presentence report contains information that is inaccurate, relating to the defendant's prior criminal history. If it is determined by the circuit court that inaccurate information is included in the presentence report, the report shall be corrected or the information deleted in accordance with M.C.R. 6.425(E)(2), and the corrected report shall be forwarded to the Michigan Department of Corrections.

*Fulton*, 839 N.W.2d at 491.

On remand, the trial court ordered the probation agent to review the PSIRs for accuracy and that special attention be given to Petitioner's criminal history. The probation agent then reported that he verified "[e]ach and every entry in the defendant's juvenile and adult criminal record" and found no inaccuracies. (8/26/2014 Order at 2, ECF No. 1-1 at Pg. ID 149.) On August 26, 2014, the trial court issued an order adopting the probation agent's finding that the reports contained no inaccuracies and declined to amend or modify them. (*Id.*) On Petitioner's motion for reconsideration, the trial court determined that the probation officer in fact had not performed a full review of both PSIRs and ordered him to do so. (*See* 9/18/2014 Order, ECF No. 8-6 at Pg. ID 512-13.)

9

Following the additional review, the trial court concluded that Petitioner had three fewer felony convictions than originally reported. (*See* 12/1/2014 Order, ECF No. 8-6 at Pg. ID 516-17.) The probation agent updated the PSIRs and forwarded them to the Michigan Department of Corrections. (*Id.*) The trial court adopted the probation agent's finding that the updated criminal history record would not impact the sentencing guidelines because Petitioner still had a large number of prior felonies. (*Id.*) The trial court also held that the amendment to the PSIRs "would not impact the sentence imposed on defendant by the Court." (*Id.*) The trial court therefore denied Petitioner's motion for reconsideration. (*See* 1/6/2015 Op. & Ord., ECF No. 8-8 at Pg. ID 128.) Both appellate courts thereafter denied Petitioner leave to appeal. *People v. Fulton,* No. 325830 (Mich. Ct. App. July 31, 2015), lv. denied 499 Mich. 869 (Mich. 2016).

Petitioner argues that, despite the remand, the PSIRs still contain inaccurate information. First, he argues that all but a handful of his 27 contacts with the criminal justice system as a juvenile (all of which occurred in New Jersey) resulted in dismissals on motion of the prosecutor or were dismissed after the fact because Petitioner did not have counsel. In fact, Petitioner's PSIR reflects that at least 17 of his juvenile criminal justice cases were dismissed. (*See* Presentence Investigation Report at 4-20, ECF No. 1, Pg. ID 60-76.) Petitioner attaches to his petition a certified copy of his juvenile record from New Jersey. The entries do not

10

support Petitioner's contention that the PSIRs are inaccurate. All of the offenses on the PSIRs are reflected on his juvenile record. The Court discerns no discrepancies between the two documents.

Petitioner also fails to persuade the Court that his adult history contains inaccurate information upon which the sentencing court relied. During the sentencing hearing, the prosecutor stated that Petitioner had nineteen contacts with the criminal justice system. On remand, the trial court determined that Petitioner had three fewer felony convictions than previously reported. The court also held that this correction would not impact the sentence imposed. Petitioner fails to show that the PSIRs contained additional inaccurate information.

The Court does not find a violation of Petitioner's due process rights at sentencing. He was given the opportunity to correct inaccurate information. The process on remand was unnecessarily lengthened by the probation agent's initial errors in researching Petitioner's criminal history. Nevertheless, Petitioner's criminal history was ultimately researched and adjusted according to the probation agent's and trial court's findings. Petitioner fails to establish that any inaccuracies remained following the remand. Moreover, the trial court expressly found that the initial errors did not impact sentencing. The trial court based its sentencing decision on Petitioner's extensive criminal history, the lack of a deterrent effect from previous incarcerations, and Petitioner's conduct while released on bond. All

of these factors, including Petitioner's extensive criminal history, remained even after the corrections to the PSIRs. Accordingly, the Court finds no due process violation.

Petitioner also argues that he was denied his constitutional right to counsel on remand. The Sixth Amendment requires the effective assistance of counsel at all critical stages of a criminal proceeding. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Sentencing is a critical stage. *Gardner v. Florida*, 430 U.S. 349, 358 (1977). Here, however, the Michigan Supreme Court remanded the matter only with instructions that the trial court determine whether Petitioner's PSIRs contained inaccurate information with respect to his prior criminal history. In other words, the matter was not remanded for resentencing. The trial court determined on remand that the PSIRs did contain inaccurate information and corrected that information in accordance with the remand order. However, the court further determined that it would have imposed the same sentence absent those errors. Because Petitioner was not resentenced, appointment of counsel was not required. *See Orrick v. Macauley*, No. 19-1240, 2019 WL 2454856, *2 (6th Cir. May 8, 2019).

Finally, Petitioner argues that the trial court failed to adhere to Michigan Court Rule 6.425(E)(2) when the case was remanded by the Michigan Supreme

Court. This claim concerns an interpretation of state law that is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

### B. Above-the-Guidelines Sentencing Claim

In his second habeas claim, Petitioner argues that the trial court abused its discretion in sentencing him above the guidelines score. To the extent Petitioner maintains that he is entitled to relief because the trial court abused its discretion under state law, he raises an issue of state law only, which is not cognizable in this federal habeas corpus proceeding. *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016) ("[E]rrors in the application of state sentencing guidelines … cannot independently support habeas relief."). Further, Petitioner has no constitutional right "to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). As long as a sentence remains within the statutory limits, trial courts are given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949); *see also Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (internal quotation marks and citations omitted) ("A sentence within the statutory maximum set by statute generally does not constitute cruel and unusual punishment"). Petitioner's sentences fall within the statutory maximum for his crimes. Habeas relief is denied. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) ("[F]or crimes concededly classified and classifiable

as felonies, ... the length of the sentence actually imposed is purely a matter of legislative prerogative." (citation omitted)).

## IV. Certificate of Appealability and Conclusion

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

Aside from Petitioner's claim concerning the absence of counsel on remand, reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. There is little guidance however with respect to Petitioner's claim concerning his right to counsel during the remand proceedings and thus the Court believes that reasonable jurists could disagree with its assessment of this claim. The Court therefore declines to issue a certificate of

appealability with respect to all but Petitioner's Sixth Amendment right to counsel claim. The Court is granting Petitioner leave to proceed in forma pauperis on appeal if he chooses to appeal this decision, as an appeal may be taken in good faith. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** with respect to Petitioner's claim that he was denied his Sixth Amendment right to counsel on remand. Petitioner is otherwise **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner may proceed in forma pauperis on appeal if he chooses to appeal this decision.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 6, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 6, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager